

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00291-CR

---

CHRISTOPHER LAMONT JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 8313, Honorable Dale A. Rabe, Jr., Presiding

---

June 11, 2026

## ORDER OF ABATEMENT AND REMAND

Before PARKER, C.J., and DOSS and PRATT, JJ.

Appellant, Christopher Lamont Jones, appeals from the trial court's judgment adjudicating him guilty of burglary of a habitation[1] and sentencing him to thirty-five years of confinement.  The reporter's record is due June 8, 2026.  However, the court reporter has advised this Court that, due to a malfunction of the stenographic recording equipment,

---

[1] *See* TEX. PENAL CODE § 30.02.

no stenographic notes were made of the proceedings. Thus, the reporter is unable to prepare and file the reporter's record.

Accordingly, we abate this appeal and remand the cause to the trial court for findings pursuant to Texas Rule of Appellate Procedure 34.6(f), which governs an appellant's entitlement to a new trial when a reporter's record has been lost or destroyed. *See Mendoza v. State*, No. 07-14-00034-CR, 2014 Tex. App. LEXIS 6485, at *2–3 (Tex. App.—Amarillo June 16, 2014, no pet.) (per curiam) (abating and remanding appeal for findings under Rule 34.6(f)).

Upon remand, the trial court shall conduct a hearing and determine:

(1)    whether, through no fault of Appellant, a significant portion of the court reporter's notes and records has been lost or destroyed, or, if the proceedings were electronically recorded, whether a significant portion of the recording is inaudible;

(2)    if so, whether the lost, destroyed, or inaudible portion of the reporter's record is necessary to the resolution of the appeal; and

(3)    whether the lost, destroyed, or inaudible portion of the reporter's record can be replaced by agreement of the parties. *See* TEX. R. APP. P. 34.6(f).

The trial court is directed to enter written findings of fact on these matters. A supplemental clerk's record containing the trial court's findings, together with a reporter's record of any hearing conducted pursuant to this order, shall be filed with this Court on or before July 13, 2026.

It is so ordered.

Per Curiam


Do not publish.